Gary Wayne Lowe
TDCJ Prison No. 470610
Coffield Unit ( P6 1C-94)
2661 FM 2054
Tennessee Colony, Texas
                    75884

24,805-11

November 18, 2015

~~October 29, 2015~~

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 30 2015

Abel Acosta, Clerk

c/o CLERK
Court of Criminal Appeals
PO BOX 12308, Capitol Station
Austin, Texas 78711

Re: Petition For Writ of Mandamus

Dear Clerk:
     Please find enclosed the pleadings listed
below: Your filing the items with the Court will be
appreciated. I request you notify me of the date
you received and presented the pleadings to the
Court. The items enclosed are:
     1. Motion For Leave To File;
     2. Motion To Suspend Copy Rules; and
     3. Original Petition For Writ of Mandamus; And
     4. Affidavit of Indigence

                              Thank You Very Much

# IN THE
# COURT OF CRIMINAL APPEALS
## Austin, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 30 2015

Abel Acosta, Clerk

IN RE:
## Gary Wayne Lowe
### Relator

VS.

## District Clerk,
## 71st District Court
## Harrison County, Texas
### Respondent

## Petition For Writ of Mandamus

Gary W. Lowe
TDCJ Prison No. 470610
2661 FM 2054 (Coffield)
Tennessee Colony, Texas
75884

# IN THE
# COURT OF CRIMINAL APPEALS
## Austin, Texas

## IN RE:
## Gary Wayne Lowe
## Relator

## Petition For Writ of Mandamus

Gary Wayne Lowe, Relator, submits this petition for writ of mandamus complaining about the District Clerk in Harrison County, Texas (Marshall, Texas).

The act sought to be compelled is purely ministerial. Relator has a clear right to the relief sought, which cannot be disputed.

Relator has no adequate remedy at law other than mandamus relief.

For clarity, Gary Lowe is referred to as "Lowe" and the District Clerk is referred to as the "respondent".

Respectfully Submitted

# TABLE OF CONTENTS

Identity of Parties . . . . . . . . . . -i-

Index of Authorities . . . . . . . . . -ii-

Statement of the Case . . . . . . . . iii

Statement of Jurisdiction . . . . . . iv

Question Presented . . . . . . . . . iv

Does a district clerk have a ministerial duty under Article 11.07 of the Texas Code of Criminal Procedure, to mail an applicant a copy of an answer filed by the attorney for the State relating to an application for a writ of habeas corpus and forward the application to the Court of Criminal Appeals?

Statement of Facts . . . . . . . . . .

Argument . . . . . . . . . . . . 1-3

Prayer . . . . . . . . . . . . 4-6

Appendix . . . . . . . . . . . 7

# IDENTITY OF PARTIES

The following is a list of the parties who has an interest in the outcome of this mandamus action:

Relator: Gary Wayne Lowe
TDCJ Prison No. 470610
2661 FM 2054 (Coffield) 1C-94
Tennessee Colony, Texas
75884

Respondent: Harrison County District Clerk
234 Courthouse
200 W. Houston St.
Marshall, Texas 75670

# INDEX OF AUTHORITIES

## Cases

Page

DeJean v. Dallas County, 259 S.W.3d
(Tex. Crim. APP. 2008) . . . . . . . 5


## Statutes

TEX. Code of Crim. Procedure Art. 11.07. . . 1,4,6,7
TEX. Gov'T Code Sec. 311.016 (2) . . . 6

## STATEMENT OF THE CASE

This is a Mandamus action brought by Gary Lowe (relator) to compel the respondent to perform a ministerial act.

The respondent is the District Clerk in and for Harrison County, Texas (Marshall, Texas).

### Respondent's Action

The respondent has violated a duty imposed by law under Article 11.07 of the Texas Code of Criminal Procedure warranting Mandamus relief. Specifically, respondent has refused to 1) Mail relator a copy of the answer filed by the attorney for the State relating to an application for a writ of habeas as required under Section 7, and 2) refuses to forward the Article 11.07 habeas application to the Court of Criminal Appeals. To date, more than 50 days have passed and the respondent has not transmitted to the Court of Criminal Appeals a record of the application.

# STATEMENT OF JURISDICTION

Jurisdiction for the Court of Criminal Appeals to consider and issue this writ of mandamus is invoked under the Texas Constitution article 5, §5 (c) , and Texas Gov't Code Section 22. 221 (a) .

# QUESTION PRESENTED

Does a district clerk have a ministerial duty under Article 11.07 of the Texas Code of Criminal Procedure, to mail an applicant a copy of an answer filed by the attorney for the State, relating to an application for a writ of habeas corpus and forward the application to the Court of Criminal Appeals?

# STATEMENT OF FACTS

An application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure was filed in State district court on behalf of Gary Wayne Lowe (Relator), a 63-year old inmate serving a life term in the Texas prison system ("TDCJ-ID").

Lowe's 11.07 writ application which only challenged parole was placed in the prison mailing system on June 26, 2015 (via indigent mail process). The application was "properly filed" with the Clerk of the district court in which the convictions was obtained as required by art. 11.07, § 3(b).[1]

Most telling, though, is the respondent's conduct after the application had been received by that Court official. Examples of respondent's conduct include:

- purposely not mailing Lowe, the applicant, a copy of the answer (General Denial) filed by the attorney for the State relating to the application, as required by

---

[1] See Appendix (Appx.) Tab **3**.

- not forwarding the habeas corpus application to the Court of Criminal Appeals. See Appx. Tab 2, 3, and

- furthermore not transmitting a record of the habeas corpus application to the Court of Criminal Appeals.

Lowe did mail the application because it was received by the prison mailroom on 6/26/15, and was sent out to United States Postal Service on 6/29/15 (See Appx. Tab A).

Thirty five days quickly passed. Lowe never received a copy of an answer (General Denial) filed by the attorney for the State in response to the application from the respondent.

Because Lowe did not receive an answer to the application, he forwarded a letter to the clerk at the Court of Criminal Appeals and inquired about whether or not the application was transmitted to this Court. See Appx. Tab 1.

In response, Lowe learned on September 22, 2015 there is no record of the habeas corpus application filed in the Court of Criminal Appeals (Appx. Tab 2 is referred to again).

The respondent for whatever reason refuse to perform the ministerial acts described herein above. To date, respondent have not acted, which has led to the filing of the instant ~~Petition for~~ writ of Mandamus.

# ARGUMENT

Article 11.07, Section 7 of the Texas Code of Criminal Procedure specifically provides as follows:

When the attorney for the State files an answer, motion, or other pleading relating to an application for a writ of habeas corpus, the Clerk of the Court [s]hall mail or deliver to the applicant a copy of the answer, motion, pleading, or order.

This Court is called upon to determine whether § 7 uses mandatory language and clearly spells out the duty to be performed.

Without going into a long drawn out argument and page after page of case discussion, the point is, the respondent has failed to do a ministerial act. For instance;

- not mailing Lowe (relator) a copy of the answer filed by the attorney for the State, in response to the parole claims raised in the application.

But to put the nail in the coffin, the respondent for whatever reason also did not:

- forward the application to the Court of Criminal Appeals and transmit a record of the application to the Court of Criminal Appeals.

A case which addressed this problem is DeJean v. Dallas County.[1] This Court's reasoning in that case should still remain sound and its holding should be applied in this case.

In this case, to date, more than 50 days have passed, since Lowe "properly filed" the art. 11.07 habeas corpus application with the Clerk of the convicting court. The respondent has had more than a "reasonable time" to perform the ministerial acts described above, and have literally done nothing.

---

[1] 259 S.W. 3d 183 (Tex. Crim. App. 2008).

Lowe has a clear right to the relief sought. The relief he seek is fair and right under the circumstances because it's clear and indisputable, purely ministerial. The term "[S]hall imposes a duty.[2]

Thus, if this Court determines the language of art. 11.07, Sec. 7 is mandatory, mailing Lowe a copy of the answer filed by the attorney for the State is a purely ministerial act. Lowe therefore, has satisfied the first requirement for mandamus relief.

Having no right to appeal and being barred under art. 11.07, Sec. 4 from filing a subsequent application for a writ of habeas corpus, Lowe has no adequate remedy at law. Lowe has also satisfied the second requirement for mandamus relief.

In closing, everyday individuals do not do an infinite number of things, no matter who they are for reasons of their own. In some cases they decide not to do something; in others they simply fail to do it either through neglect or inaction, as the respondent has done in this case. Those failures—whatever they might be—can have a substantial or adverse effect on someone else depending on the circumstances.

---

[2] TEX. GOV'T CODE § 311.016 (2).

# PRAYER

Mr. Lowe asks the Court to grant this mandamus and provide the following relief:

- direct the respondent to foward Lowe a copy of the answer (General Denial), relating to the application filed by the attorney for the state as required by art. 11.07, Sec. 7;

- direct the respondent to forward the application to this Court; and

- transmit a record of the application to this Court.

Respectfully Submitted,

*Gary W. Lowe*

Gary W. Lowe
TDCJ Prison No. 470610
2661 FM 2054 (Coffield) IC-94
Tennessee Colony, Texas
75884

THE STATE OF TEXAS )
 )    IN THE
COUNTY OF ANDERSON )  COURT OF CRIMINAL
 )       APPEALS
 )

## VERIFICATION/UNSWORN DECLARATION

I, Gary Wayne Lowe, make this Inmate Unsworn Declaration as authorized by Section 132 of the Texas Civil Practice & Remedies Code. I depose and state the following:

1. My name is Gary Wayne Lowe. I am an inmate incarcerated in the Texas Dept. of Criminal Justice ("TDCJ"). I am the Relator in this mandamus action.

2. I made a good faith effort to comply with TRAP Rule 52.3, but my request for notary service was denied on October 28, 2015 by Ms. Karriker, Notary Public, on Coffield Unit. I was instructed by the unit notary to sign an Unsworn Declaration.

3. All factual statements in the foregoing petition for writ of mandamus are made on personal knowledge by me, the declarant. I am competent to testify to the matters stated herein.

4. The denial of my request for notary service impeded me from properly verifying the facts as required by TRAP Rule 52.3.

I, Gary Wayne Lowe, the relator, declare under the penalty of perjury that all factual statements made in the foregoing petition are true and correct.

Executed this the 29th day of October, 2015.

Anderson County, Tex.

X Gary W. Lowe
Gary Wayne Lowe
Relator
TDCJ # 470610
Coffield Unit
2661 FM 2054
Tennessee Colony, Tx.
75884

No. _____

IN RE:
Gary Wayne Lowe
Relator

## APPENDIX IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

The relator, Gary W. Lowe, submits the following items in support of the foregoing petition for writ of Mandamus.

## LIST OF DOCUMENTS

1. Inmate Request To Official dated 09/18/15    Tab A
2. Correspondence dated September 4, 2015    Tab 1
3. Correspondence dated September 17, 2015    Tab #2
4. Copy of Application for Writ of Habeas Corpus 11.07, filed June 26, 2015 . . . . . . Tab 3

# TAB A
## (See back side of Request for reply)

Reply Received Sept. 21, 2015

## INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ Unit Assignment, Transfer (Chairman of Classification, Administration Building)

2. ☒ Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)

4. ☐ Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)

5. ☐ Visiting List (Asst. Director of classification, Administration Building)

6. ☒ Parole requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

8. ☐ Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)

Important
Re: Inquiry



TO: c/o Ms. Dorsey, Mailroom Supervisor
(Name and title of official)

DATE: Sept. 18, 2015

ADDRESS: Coffield Mailroom

September 4, 2015

Gary W. Lowe
TDCJ Prison No. 470610
21061 FM 2054 (Coffield)
Tennessee Colony, Texas
             75884

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 11 2015
Abel Acosta, Clerk

Tab 1

c/o CLERK
Texas Court of Criminal Appeals
P. O. Box 12308, Capitol Station
Austin, Texas    78711

Re: Inquiry

Dear Clerk :

   I properly filed a state application for writ of habeas corpus 11.07 made returnable to the Court of Criminal Appeals. I placed the application in the prison mail system on June 26, 2015. Today is September 4, 2015 and I have not been provided with a copy of the State's answer; more than 35 days have passed.

   I'd like to know if the district clerk in Harrison County, Texas (Marshall) has transmitted the application to this Court? I haven't been notified concerning that.

   Please reply.

                          Thank You

# AppX. TAB 2

[ Correspondence from Court of Criminal
Appeal's Clerk, Ms. Abel Acosta, dated
September 17, 2015. ]



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1600

Tab 2

September 17, 2015

Gary W. Lowe #470610
Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884

RE: Your enclosed correspondence

Dear Mr. Lowe:

After a thorough search of our records, we find that you do not have a Writ of Habeas Corpus filed in the Court of Criminal Appeals at this time. If you have any further questions or concerns, please direct them to the District Clerk in the convicting county where you originally filed the application.

I am herewith returning your documents.

Sincerely,

Abel Acosta, Clerk

AA/kd
Enclosure

# APPX. TAB 3

[ Copy of the Application for Writ
of Habeas Corpus 11.07, filed
June 26, 2015. The Memorandum
of Law originally filed in support
is not attached to this applicat-
ion.

Case No: _____
(The Clerk of the convicting court will fill this line in.)

COPY

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Gary Wayne Lowe

DATE OF BIRTH: _____

PLACE OF CONFINEMENT: Texas Dept. Criminal Justice Inst. Div.

TDCJ-CID NUMBER: #470610   SID NUMBER: _____

(1)   This application concerns (check all that apply):

☐   a conviction          ☑   parole

☐   a sentence           ☐   mandatory supervision

☑   time credit          ☐   out-of-time appeal or petition for
                              discretionary review

(2)   What district court entered the judgment of the conviction you want relief from?
      (Include the court number and county.) 71st Dist. Court, Harrison County, TX
      I am not seeking relief from the judgment of
      conviction.

(3)   What was the case number in the trial court?

      Case numbers 87-0279 & 87-0279

(4)   What was the name of the trial judge?

      Don't remember Judge's name

Rev: 01/14/14

**(5)** Were you represented by counsel? If yes, provide the attorney's name:

AL T. Davis

**(6)** What was the date that the judgment was entered?

January 11, 1988

**(7)** For what offense were you convicted and what was the sentence?

Aggde Sexual Assault

**(8)** If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N/A

N/A

**(9)** What was the plea you entered? (Check one.)

☐ guilty-open plea     ☑ guilty-plea bargain
☐ not guilty     ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

N/A

**(10)** What kind of trial did you have?

☑ no jury        ☐ jury for guilt and punishment
                 ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

N/A

(12) Did you appeal from the judgment of conviction?

☐ yes    N/A    ☑ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? _____N/A_____

(B) What was the case number? _____N/A_____

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

N/A

(D) What was the decision and the date of the decision? _____N/A_____

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes    N/A    ☑ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? _____N/A_____

(B) What was the decision and the date of the decision? _____N/A_____

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

*Previous Application filed*

☐ yes    N/A    ☐ no    *concerned Parole only*

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? _24, 805-10_

3

Rev. 01/14/14

**(B)** What was the decision and the date of the decision? ___10/19/2011___

**(C)** Please identify the reason that the current claims were not presented and could not have been presented on your previous application. The current parole claims are based upon new evidence that was unavailable to me when I filed a previous application that concerned parole. I did not learn about my parole being withdrawn until April 5, 2013 and I did not learn TDCJ and the Tx. Bd. Pardons and Paroles had revoked my parole eligibility date on my second sentence (Cause #87-0279) until May 22, 2013 (See Memorandum of Law).

**(15)** Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes          ☑ no

If you answered yes, please provide the name of the court and the case number:

_____N/A_____

**(16)** If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☑ yes          ☐ no

If you answered yes, answer the following questions:

**(A)** What date did you present the claim? July 8, 2014

**(B)** Did you receive a decision and, if yes, what was the date of the decision? NO. Today is June 11, 2015 and I still have not received a reply to the Time Dispute Resolution I submitted to TDCJ. I decided to file a habeas Corpus on the issue.

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5.

Rev. 01/14/14

**GROUND ONE:** The Texas Bd. of Pardons and Paroles improperly withdrew my parole granted November 6, 2002 and did not provide me with a hearing. My rights under the 14th Amendment of the U.S. Constitution was violated.

**FACTS SUPPORTING GROUND ONE:** I am serving consecutive sentences (2 life terms). MY records indicate I paroled the first sentence (Cause no. 87-0277) and was serving my second sentence, Cause no. 87-0279, because Time Slips show TDCJ calculated my parole eligibility date for that conviction and set that date for 11/5/2017. See Memorandum of Law, Exhibits 1, 2, and 3 at TDC CALC DATE, Ground One Discussion. Although I served 1/4 (15 yrs.) flat time on my first sentence, the Board withdrew the parole approval granted on my first sentence in 2002 b/vyse records indicate that I was still serving the sentence for Cause no. 87-0277, because my flat time exceeded 15 years (one-fourth). See Memorandum of Law, Exhibits 2 thru 11 at Flat TIME SERVED.

After I had served 25 calendar years on the first life sentence, my records were reprocessed to reflect that 1) parole approval was not granted on Cause no. 87-0277 by the Board until 03-15-2013, and 2) the Board set my next sentence to begin 05-1-2013. See Memorandum of Law In Support, Exhibits 2 thru 9; and Exhibit 18 at paragraph 7A & 10A.

The board improperly withdrew my parole approval granted on the sentence for Cause no. 87-0277 in 2002, and I was never released from prison on parole but remained in the custody of TDCJ. I had not committed a new felony offense while incancerTDCJ feds.

Rev. 01/14/14

In 2013, the board withdrew my previously granted parole approval on Cause no. 87-0277 and did not provide me with:

- a parole rescission hearing;
- written notice of a claimed violation;
- an opportunity to be heard and present documentary evidence;
- an opportunity to confront and cross-examine adverse witnesses; and
- no written statement as to the reason(s) for the Board's decision to withdraw the parole approval.

The decision to withdraw the parole approval granted on my first sentence in 2002 was not authorized.

Rev. 01/14/14

**GROUND TWO:** My rights under the 14th Amendment of the U.S. Constitution were violated, when TDCJ-ID improperly revoked my parole date which had been set in 2002 and did not provide me with a hearing.

**FACTS SUPPORTING GROUND TWO:** I was convicted of two felony offenses on January 11, 1988. I was sentenced to two life terms to be served consecutively in the Texas Dept. of Corrections (now, Texas Dept. Crim. Justice, TDCJ). My parole eligibility date on the first life sentence in the cumulative series was set for November 6, 2002. See Memorandum of Law In Support, Exhibits 4, 5, 6, 7, 8 at TDC CALC DATE.

In 2002, TDCJ classification records changed. Records show TDCJ had calculated my total term of confinement to be 30 years (max-term) and set my parole eligibility date on the second conviction, cause no. 87-0279, for 11/5/2017. See Memorandum of Law In Support, Exhibits 1, 2 and 3; See also Exhibit 15, at Disposition.

Records show that in 2002 TDCJ had already set the parole eligibility date on my second conviction (Cause no. 87-0279) for 11-5-2017 (max-term 30 years). But in 2013 TDCJ later rescinded the 11/5/2017 eligibility date after I had served 25 yrs. flat time (Review Ground One Facts) and set a new eligibility date for 2/2028, changing my being eligible for parole in 30 years, max-term, to my being eligible for parole in 40 years, max-term. As a matter of fact, the 2/2028 eligibility date later changed to 9/25/2027. See Memorandum of Law In Support, at Exhibits 9 and 10; and Exhibit 12.

8

Rev. 01/14/14

There is "no evidence" in the habeas record to support TDCJ's decision to revoke my parole eligibility date. I was not provided with:

- a hearing;
- advanced written notice of a claimed violation;
- no opportunity to call witnesses and present documentary evidence;
- Written notice of the reason(s) for the decision to revoke the 11/5/2017 eligibility date; nor
- a written statement as to the evidence relied on to revoke my parole date which had been already calculated and set in 2002.

TDCJ acted without good cause in re-voking my previously set parole date, when I had not comitted a new felony offense while incarcerated.

The correct date I am eligible for parole on my second sentence in the cumulative series (Cause no. 87-0279) is 11/5/2017. Evidence in the habeas re-cord shows that was the date TDCJ had calculated and set in 2002. As already stated, my first sentence- ~~Cause No. 87-0277~~ ceased to operate on November 6, 2002 and the next sentence begin to run on that date. I am under the 70th Legislature. I must do 15 years on each conviction, a max-term of 30 years to be eligible for parole.

Correct calculation:
[1] November 6, 2002 to 11/5/2017 is 15 years.
[2] November 7, 1987 to 11/5/2017 is 30 years.

9

Rev. 01/14/14

**GROUND THREE:** TDCJ has failed to award me with pre-sentence jail-time credit for the period I was confined in jail on Cause no. 87-0279.

**FACTS SUPPORTING GROUND THREE:** I was arrested on November 6, 1987 and charged with committing two felony offenses. I was confined in jail on both of the charges on that date, simultaneously awaiting to be indicted. December 2, 1987 a Harrison County grand jury returned two indictments for multiple causes (Cause no. 87-0277 and 87-0279).

January 11, 1988 I was convicted in Cause 87-0277 of _____ and was convicted in Cause 87-0279 of _____. I was sentenced to life in each Cause to be served consecutively. Specifically, the judge ordered the sentence in Cause 87-0279 to begin when the sentence in Cause 87-0277 ceased to operate.

My first sentence, that is, Cause 87-0277, ceased to operate on November 6, 2002. At that time, my next sentence begin to run (See Memorandum of Law In Support at Ground One Discussion). TDCJ did not credit me with presentence jail time for the period I was confined in jail on Cause no. 87-0279 prior to sentencing. The judgment for Cause no. 87-0279 reflects I am to receive time credit from 11/6/87, the date of commission of the second offense, until the date of Sentence, January 11, 1988. The judgment for that Cause reflects that I was sentenced for the offense on January 11, 1988, with 70 days jail time credit (See Exhibit 19 at Memorandum of Law). I was....

10

Rev. 01/14/14

simultaneously confined in jail on both of the cases, prior to the stacking order. I am entitled to multiple credit for the period that I was simultaneously confined on the two causes (87-0277 and 87-0279).

I filed a Time Dispute Resolution requesting the jail time credit on May 8, 2013, but I never received a reply. To date, I still have not heard anything concerning the matter. See Memorandum of Law at Exhibit 20.

11

Rev. 01/14/14

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12

Rev. 01/14/14

Rev. 01/14/14

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

Rev. 01/14/14

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

**VERIFICATION**

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

**OATH BEFORE A NOTARY PUBLIC**

STATE OF TEXAS

COUNTY OF _____

*Notary Public refused to Verify*

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: Gary W. Lowe #470610

State bar number, if applicable: _____

Address: 2661 FM 2054
Coffield Unit (P6-1C94)
Tennessee Colony, TX 75884

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, Gary W. Lowe _____, am the applicant / petitioner (circle one) and being presently incarcerated in Tex. Dept. Crim. Justice , declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on June 26 , 20 15

Gary W. Lowe , Applicant

Signature of (Applicant) / Petitioner (circle one)

17

Rev. 01/14/14

**PETITIONER'S INFORMATION**

Petitioner's printed name: Gary W. Lowe #470610

Address: 2661 FM 2054

Coffield Unit (P6 1C94)

Tennessee Colony, Texas 75884

Telephone: _____

Fax: _____

Signed on June 26 , 20 15.

_____ , Applicant
Signature of Petitioner

18

Rev. 01/14/14

No. _____

In re Gary W. Lowe,
    Relator

vs.

District Clerk,
71st District Court
Harrison County, Texas.
    Respondent

)
)
)
)
)
)
)
)
)
)
)

IN THE
COURT OF CRIMINAL APPEALS
Austin, Texas

## MOTION FOR LEAVE TO FILE

TO THE HONORABLE JUDGE OF SAID COURT:

    This Motion is filed on behalf of Mr. Gary Wayne Lowe, the Relator, a 63-year old inmate serving a life term in the Texas prison system ("TDCJ-ID").

    Relator files this motion moving the Court for an Order granting Leave to File a petition for Writ of Mandamus.

    A memorandum of Law is not filed in support of this Motion because it is not necessary.

Respectfully Submitted,

Gary W. Lowe
Gary W. Lowe

Relator

## JUDICIAL NOTICE

The Court is asked to take Judicial Notice, that it is no longer required to file a motion requesting leave to file when seeking mandamus relief. See In re McGee, 213 S.W.3d 405 (Tex. App.— Houston [1st Dist.] 2006). Id. at note 2.[1]

## NATURE OF COMPLAINT

This is a mandamus action to compel the respondent, Harrison County District Clerk, to perform a ministerial act. Respondent refuse to comply with Art. 11.07, Sec. 7 of the Texas Code of Criminal Procedure. The relator has no adequate remedy at law available, to compel the respondent to act other than mandamus relief.

---

[1] Former Rule, 121 (a)(1) of the TRAP.

# Reason for Granting the Writ

The respondent has breached fiduciary duties owed to Mr. Lowe - not to mention having violated clearly established law, the Texas Code of Criminal Procedure.

Granting Lowe leave to file a petition for writ of mandamus is warranted, so this Court can direct the respondent to perform the ministerial duties imposed by law under Art. 11.07, § 3 (a)(b); Sec. 7; and Art. 2.21 (1)(3) and (4) of the Texas Code of Criminal Procedure governing duties of a district Court clerk.

If this Court does not grant leave to file a writ of mandamus Lowe will suffer egregious harm, if this Court does not intervene and compel respondent to act. The respondent's conduct must not go unchecked. [Emphasis added]

This Court should therefore grant leave to file a petition for writ of mandamus.

## Prayer

Relator asks this Court to issue an order granting Leave to file the accompanying Petition for Writ of Mandamus.

Respectfully Submitted,

*Gary W. Lowe*

Gary W. Lowe
Relator

No. _____

In re Gary W. Lowe,
                Relator

        VS.

District Clerk,
71st District Court
Harrison County, Texas
                Respondent

IN THE
COURT OF CRIMINAL APPEALS
Austin, Texas

## ORDER

CAME ON THIS ___ DAY OF _____, 2015 for consideration relator's motion for Leave to File, and the Court having reviewed the relator's motion is of the opinion that Leave to File a Petition for Writ of Mandamus is GRANTED.

SO ORDERED and SIGNED this ___ day of _____, 2015.

RENDERED ON:_____
BY ORDER OF THE COURT

_____
CHIEF JUSTICE

No. _____

THE STATE OF TEXAS )            IN THE
                       )      COURT OF CRIMINAL APPEALS
COUNTY OF ANDERSON )            Austin, Texas
                       )
                       )

AFFIDAVIT OF INDIGENCE
TRAP Rule 20.1 (a)(1) and (2)

BEFORE ME, t___ NOTICE ___ ry Public, on

this ___ day of ___ A Print-out of ___ eared GARY

WAYNE LOWE, wh___ a six Month ___ worn deposes
                   Statement of
                   Inmate Account
and says the follo___ is attached ___
                   hereto.
                   See Declaration
                   Attached

I am presently incarcerated in the Texas Dept.
of Criminal Justice Inst. Division ("TDCJ"), con-
fined at the Coffield Unit. My prison number is
470610.

I am over 21 years of age, of sound mind and
competent to testify to the matters stated
herein.

## NOTICE

Inmate request for notary service was
denied by prison Notary Public Ms. Karriker.
Instructed to attach an Unsworn Declaration
under TEX. CIV. Prac. & Remedies Code §132.

I am the relator in this Original mandamus action. I am financially unable to pay the costs to file the accompanying mandamus suit and I should be allowed to proceed without ~~payments~~ of costs.

(1) I am not employed due to being incarcerated in prison. I've been locked up in prison for 27 calendar years. I have no source of income. at all, nor other source of income.

(2) I am not married and have no spousal income.

(3) I currently have $0.00 in my Inmate Prison Trust Fund Account. A print-out of my Inmate Trust Account Statement is attached to this affidavit.

(4) I do not own real estate property.

(5) I do not have money in a bank account (savings no checking).

(6) I do not have interest in any stocks, bonds, nor CD's.

(7) I have no assets.

(8) My monthly expenses is $0.00

Because of my poverty, I am unable to pay the filing fee for said mandamus proceeding or give security for the filing fee. See print out of Six month Statement of my account attached hereto.

I, Gary Wayne Lowe, the affiant, swear under the penalty of perjury that the foregoing is true and correct.

Executed this the 28th day of October, 2015.

X *Gary W. Lowe*
Gary Wayne Lowe
Affiant

SWORN TO AND SUBSCRIBED before me, on

this ___ day of _____, 2015.

X _____
Notary Public / Signature
State of Texas

X _____
Printed Name of Notary

My Commission Expires:

pg. 3

```
CSINIB02/CINIB02     TEXAS DEPARTMENT OF CRIMINAL JUSTICE      11/18/15
1M7X/MS00078             IN-FORMA-PAUPERIS DATA                10:38:02
TDCJ#: 00470610 SID#: 02539220 LOCATION: COFFIELD      INDIGENT DTE:
NAME: LOWE,GARY W.                     BEGINNING PERIOD:
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:        24.01 TOT HOLD AMT:        0.00 3MTH TOT DEP:
6MTH DEP:              6MTH AVG BAL:             6MTH AVG DEP:
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS
```

```
PROCESS DATE    HOLD AMOUNT     HOLD DESCRIPTION
                                --------------------
                                NO BANKING ACTIVITY
                                WITHIN THE PAST 6
                                MONTH PERIOD.
                                --------------------
```

STATE OF TEXAS, COUNTY OF _Anderson_
ON THIS THE _18th_ DAY OF _November, 2015_ I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____ OR SID NUMBER: _____



SUSAN MULLINAX
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 11/20/2018

THE STATE OF TEXAS )  IN THE
)  COURT OF CRIMINAL APPEALS
COUNTY OF ANDERSON )  Austin, Texas
)
)

## INMATE UNSWORN DECLARATION

I, Gary Wayne Lowe, make this Inmate Unsworn Declaration as authorized by Section 132 of the Texas Civil Practice & Rem. Code. I depose and state the following:

1. I am an inmate incarcerated in the Texas Dept. of Criminal Justice (TDCJ). I am the Relator in this mandamus action.

2. I made a good faith effort to comply with TRAP Rule 20.1 (a)(1) and (2), but my request for notary service was denied by Ms. Karriker, Notary Public, at Coffield Unit. She would not notarize the attached affidavit of Indigence, and instructed me to sign a Unsworn Declaration. A six Month Statement of my Inmate Trust Account is attached heretoage).

_cont'd_

3. I am financially unable to pay the the costs to file the writ of mandamus; because I am indigent, and should be allowed to proceed without payment of costs.

I, Gary Wayne Lowe, TDCJ # 470660, being presently incarcerated in the Texas Dept. of Criminal Justice Institutional Division, at the Coffield Unit (Anderson County, Texas) declare under the penalty of perjury the foregoing is true and correct.

Gary Wayne Lowe
Gary Wayne Lowe

Executed this 29th day of October, 2015.

# IN THE
## COURT OF CRIMINAL APPEALS
### Austin, Texas

No. _____

## IN RE:
### GARY WAYNE LOWE, Relator

## MOTION TO SUSPEND COPY RULES

TO THE HONORABLE JUDGE OF SAID COURT:

This motion is filed on behalf of Gary Wayne Lowe, the relator, a 63-year old inmate serving a life sentence in the Texas prison system ("TDCJ-ID"). The purpose of this motion is to move the Court under TRAP Rule 2 for an Order suspending application of appellate Rules 9.3 and 52.7 (a)(1).

A memorandum of law is not filed in support of this motion because it's not necessary.

Respectfully Submitted,
Gary W. Lowe
GARY W. LOWE

## Reason for Granting the Motion

Mr. Lowe is indigent. Lowe does not have any money to pay the cost to have additional Xerox copies made of the original mandamus petition, nor any other documents material to his claim for relief. Moreover, the prison law library does not provide copy service to inmates.

Lowe cannot meet the strict requirements of the Texas Rules of Appellate Procedure Rule 9.3 (a)(1)(A) nor Rule 52.7 (a)(1). However, this Court may suspend application of the appellate rules for "good cause". TRAP Rule 2.

## Conclusion

We are asking the Court to suspend application of TRAP Rule 9.3 (a)(1)(A) and TRAP Rule 52.7 (a)(1) to consider the merits of Mr. Lowe's mandamus petition.

Dated: <u>October 29, 2015</u>

Respectfully Submitted,

Gary W. Lowe
Movant / Relator

NO. _____

In re Gary W. Lowe,
     Relator

VS.

District Clerk,
71st District Court
Harrison County, Texas
    Respondent

IN THE
COURT OF CRIMINAL APPEALS
Austin, Texas

## ORDER

CAME ON THIS ___ DAY OF _____, 2015 for consideration relator's Motion To Suspend appellate rules 9.3 and 52.7 (a)(1), and the Court having reviewed the motion is of the opinion that those rules are suspended, and relator's Motion is GRANTED.

So ORDERED and SIGNED this ___ day of _____, 2015.

RENDERED ON: _____

BY ORDER OF THE COURT

_____

CHIEF JUSTICE